IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ALTON WARD, | : | |
| Plaintiff, | : | No. 4:09-CV-1579 |
| v. | : | (Judge McClure) |
| ALLIED MECHANICAL AND ELECTRICAL, | : | |
| Defendant. | : | |

**MEMORANDUM**

October 20, 2010

**I. Introduction**

On August 17, 2009, plaintiff, Charles Alton Ward, instituted this civil action against defendant, Allied Mechanical and Electrical ("Allied"). In his complaint, plaintiff alleges failure to accommodate in violation of the Americans With Disabilities Act ("ADA"), Count I; failure to accommodate in violation of the Pennsylvania Human Relations Act("PHRA"), Count II; and retaliation in violation of Title VII, Count III.

**II. Procedural History**

On July 13, 2010, Defendant filed a motion for summary judgment and a supporting brief. (Rec. Doc. Nos. 16 and 18). Plaintiff filed his opposing brief on

1

August 5, 2010. (Rec. Doc. No. 21). Defendant filed its reply brief on August 10, 2010. (Rec. Doc. No. 24).

Now, therefore, for the following reasons we will grant in part and deny in part the motion for summary judgment.

### III. Factual Background

Taken in the light most favorable to the non-moving party, plaintiff, the salient facts are as follows. On June 5, 2004, Allied hired Ward as a plumber earning $11 an hour. On November 8, 2004, Ward, while on-the-job, fell off of a ladder, resulting in a broken leg and injured knee. The incident was reported to the Pennsylvania's Bureau of Workers' Compensation and to Allied's workers' compensation insurance carrier.

Ward returned to work as an office worker in December 2004. In April 2005, plaintiff was assigned to work as a mechanical foreman on a middle school project under his physician's restrictions of no crawling, no climbing ladders and no lifting more than 50 pounds. Ward had two surgeries in September and November of 2005, and returned to work as an office worker after each. In March 2006, plaintiff worked on a village project as a mechanical foreman under his physician's restrictions of no running, jumping or ladder climbing. Ward did not require accommodations to perform his assigned work on the village project.

Ward denied that he was confronted by defendant with a verbal warning about his exceeding his physician's restrictions.

On September 18, 2006, Ward's hourly rate was increased to $15 per hour. On December 14, 2006, plaintiff's employment was terminated. Plaintiff was hired by another employer several months after his discharge, at a rate of $24 per hour. Plaintiff's position with defendant was filled by Allied on June 23, 2008.

**IV. Standard of Review**

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252 (3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id, Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521

(3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

To the contrary, when the moving party bears the burden of persuasion at trial, it must point to evidence in the record that supports its version of all material facts and demonstrate an absence of material facts. National State Bank v. Federal Reserve Bank, 979 F.2d 1579, 1582 (3d Cir. 1992). If the moving party does not

meet this burden, the court must deny summary judgment even if the nonmoving party does not produce any opposing evidence. Id.

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

**V. Discussion**

1. Failure to accommodate a disability under the ADA/PHRA[1]

Allied's first two arguments in its motion for summary judgment are that Ward is not "disabled" under the ADA and that Allied did not "regard him as

---

[1] "Claims under the PHRA are interpreted coextensively with Title VII claims." Atkinson v. Lafayette College, 460 F.3d 447, 454 n. 6 (3d Cir. 2006) (citing Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996)). Pennsylvania courts "generally interpret the PHRA in accord with its federal counterparts. Kelly 94 F.3d at 105. "Moreover, the PHRA definition of "handicap or disability" is substantially similar to the definition of "disability" under the ADA." Id.

5

disabled."

The ADA prohibits employers from discriminating on the basis of disability. See 42 U.S.C. § 12111 et. seq.

> No [employer] shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). "The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "The term "disability" means, with respect to an individual – (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(2).

Federal Rule of Civil Procedure 56 allows courts to consider the pleadings in rendering judgments. Defendant argues in its motion for summary judgment that plaintiff is not disabled, nor did it regard him as disabled. However, paragraph #10 of defendant's answer to the complaint states "[a]dmitted that Plaintiff had a disability as that term is defined under the federal and state discrimination laws." Paragraph # 19 of defendant's answer states, in part, "[i]t is denied that Defendant

'perceived' Plaintiff to have a disability because Plaintiff had an actual disability that substantially affected the performance of work duties as a result of his injury". However, plaintiff is not disabled as a matter of law. "Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." McDonald v. Commonwealth of Pennsylvania, 62 F.3d 92, 95 (3d Cir. 1995) (citing 29 C.F.R. pt. 1630 app.). "Such limitations may include. . . broken limbs." Id, (see also Stiles v. Synchronoss Techs., Inc., 2008 U.S. Dist. LEXIS 61565, *11 (M.D. Pa. August 12, 2008) (Golden, J.).

Defendant admitted in its answer that plaintiff was disabled, and thus is precluded from arguing now that it did not regard plaintiff as disabled. This is the classic example of "regarded as" disabled. "To prevail on a claim of this kind, a plaintiff must show that the employer either "mistakenly believed that the employee has a physical impairment that substantially limits one or more major life activities or mistakenly believed that an actual non-limiting impairment substantially limits one or more life activities. Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 188 (3d Cir. 2010). Ward's employer admitted as much in its answer to the complaint in both paragraphs 10 and 19 that plaintiff had an "actual disability." Allied's answer to the complaint states that it believed that Ward had an actual disability. Thus, Allied regarded Ward as having a disability because it's

7

answer mistakenly indicates that Ward had an actual disability.  See e.g. Sulima, supra.  Allied can not try to argue now, at the summary judgment stage, that Ward does not have, nor did it regard him as having, a disability, when it stated, pursuant to Federal Rule of Civil Procedure 11, that it believed Ward has/had an actual disability.

2.  Retaliation

Allied also argues that Ward's employment was not terminated in retaliation for his pursuit of a workers' compensation claim. "To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in activity protected by Title VII, (2) the employer took an adverse employment action against him, and (3) there was a causal connection between his participation in the protected activity and the adverse employment action.  Ponton v. AFSCME, AFL-CIO, 2010 U.S. App. LEXIS 19763, *10-11 (3d Cir. 2010) (non-precedential),  citing Moore v. City of Phila., 461 F.3d 331, 340-341 (3d Cir. 2006).

Allied does not dispute that Ward engaged in protected activity by pursing a workers' compensation claim or that termination of his employment  was an adverse employment action.  Allied asserts that there was no causal connection between Ward's workers' compensation claim and his termination.  Allied argues that there is no causal connection because of the length of time between the filing

8

of a claim for benefits and Ward's employment termination; that the settlement was an issue between Ward and the insurer, not Ward and Allied; and that the filing of the claim is the protected activity, not the settlement of a claim.

Sean Torongeau, project manager and field superintendent at Allied, testified during his deposition that he was told Ward was fired because "the insurance company would not insure [Ward] working for [Allied] anymore." (Rec. Doc. No. 21-3 at 8). Michael P. Sharbaugh, the mechanical manager at Allied at the time of the events in question, testified during his deposition that "they were afraid [Ward] would reaggravate the injury that he had and that it would become another open case." (Rec. Doc. No. 21-5 at 11).

Allied argues that the temporal connection between the filing of the claim and the employment termination is too distant because the events were approximately two years apart. However, the Third Circuit has "recognized two primary ways to substantiate a causal connection between the protected activity and an adverse employment action: showing that the temporal proximity between the two is "unusually suggestive," or pointing to an "ongoing antagonism" between the plaintiff and defendant." Gladysiewski v. Allegheny Energy,: 2010 U.S. App. LEXIS 19527, *4-5 (3d Cir. September 20, 2010) (unpublished), citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280-281 ( 3d Cir. 2000). "Plaintiff must,

9

therefore, adduce probative evidence of an ongoing antagonism. . ." Russell v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh, 2008 U.S. Dist. LEXIS 84308 (W.D. Pa. October 21, 2008) (McVerry, J.).

We find that plaintiff has not shown either a temporal connection or an ongoing antagonism. Plaintiff's brief is severely lacking in evidentiary support for either method of substantiating a causal connection for a retaliation claim. Although there is some deposition testimony that may lead a jury to believe that Ward was fired because of a perceived disability, plaintiff did not adduce evidence that Ward's employment termination was in retaliation for his engaging in protected activity. Ward's employment was terminated 2 years after he filed for workers' compensation benefits. Two years is too attenuated for the court to find, without more, that there was a temporal connection between the filing for benefits and the employment termination. See e.g. LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 232 (3d Cir. 2007) ("a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment.") Plaintiff also did not point to any sort of "ongoing antagonism" between him and the defendant. Therefore, we will grant defendant's motion for summary judgment on Count II of the complaint.

**VI. Conclusion**

For all of the foregoing reasons we will grant in part and deny in part defendant's motion for summary judgment.

       /s James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES ALTON WARD, | : | |
| | : | |
| Plaintiff, | : | No. 4:09-CV-1579 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| ALLIED MECHANICAL AND ELECTRICAL, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

October 20, 2010

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

    1.    Defendant's Motion for Summary Judgment is GRANTED in part and DENIED in part. (Rec. Doc. No. 16).

        1.1.    The motion is denied as to Count I.

        1.2.    The motion is granted as to Count II. Final judgment is deferred until disposition of the entire case.

    2.    The case is placed on the January 2011 Williamsport trial list, with jury selection scheduled for January 4, 2011 at 10:00 a.m., in Courtroom No. 1, Fourth Floor, Federal Building, 240 West Third Street, Williamsport,

Pennsylvania.

3. A final pretrial/settlement conference will be held on December 3, 2010, at a time to be announced, in Chambers, Third Floor, Federal Building, 240 West Third Street, Williamsport, Pennsylvania.

4. All motions in limine shall be filed on or before November 5, 2010, with supporting briefs attached. All opposing briefs shall be filed on or before November 19, 2011. No reply briefs are permitted.

5. If counsel wish to suggest any change in this schedule, they must contact the court within ten (10) days of the date of this order.

    /s James F. McClure, Jr.  
James F. McClure, Jr.  
United States District Judge